**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 02-7457**

─────────────

MICHAEL CHARLES WEASE,

Petitioner - Appellant,

versus

RONALD J. ANGELONE, Director of the Virginia
Department of Corrections,

Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca B. Smith, District Judge.
(CA-02-163-2)

─────────────

Submitted: November 19, 2002        Decided: December 13, 2002

─────────────

Before LUTTIG, MOTZ, and WILLIAMS, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Michael Charles Wease, Appellant Pro Se. Virginia Bidwell Theisen,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael C. Wease, a state prisoner, seeks to appeal the district court's order dismissing his habeas corpus petition, 28 U.S.C. § 2254 (2000), as time-barred. The district court dismissed the petition as untimely under 28 U.S.C. § 2244(d).

To be entitled to a certificate of appealability, Wease must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). When a district court dismisses solely on procedural grounds, the movant "must demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473 (2000)). Upon examination of Wease's petition, we cannot conclude that reasonable jurists would find it debatable whether the district court correctly concluded that the petition was untimely filed. Accordingly, we deny Wease's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal.

DISMISSED

2